**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| | **CIVIL ACTION NO:** |
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE: 22 Dawes Avenue, Auburn, ME 04210 |
| **Louise L. Nunn and Timothy A. Nunn** | Mortgage:<br>June 8, 2005 |
| **Defendants** | Book 6364, Page 156 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Louise L. Nunn and Timothy A. Nunn as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and the Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and zero dollars ($75,000.00), exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Repayment and Security Agreement executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Louise L. Nunn and Timothy A. Nunn, are the obligors and the total amount owed under the terms of the Loan Repayment and Security Agreement is Two Hundred Thousand Five Hundred Fifty Nine Dollars and Eighty Four Cents ($206,559.84), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134

5. The Defendant, Louise L. Nunn, upon information and belief, is a resident of Auburn, County of Androscoggin and State of Maine.

6. The Defendant, Timothy A. Nunn, upon information and belief, is a resident of Auburn, County of Androscoggin and State of Maine.

## FACTS

7. On October 28, 1997, by virtue of a Maine Short Form Warranty Deed from Irene A. Levesque, which is recorded in the Androscoggin County Registry of Deeds in **Book 3872, Page 189**, the property situated at 22 Dawes Avenue, County of Androscoggin, and State of Maine, was conveyed to the Defendants, Louise L. Nunn and Timothy A. Nunn, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On June 8, 2005, the Defendants, Louise L. Nunn and Timothy A. Nunn, executed and delivered to Beneficial Maine Inc. a certain Loan Repayment and Security Agreement in the amount of $164,209.77 (herein after referred to as the "Loan Repayment and Security Agreement"). *See* Exhibit B (a true and correct copy of the Loan Repayment and Security Agreement is attached hereto and incorporated herein).

9. To secure said Loan Repayment and Security Agreement, on June 8, 2005, the Defendants, Louise L. Nunn and Timothy A. Nunn, executed a Mortgage in favor of Beneficial Maine Inc., securing the property located at 22 Dawes Avenue, Auburn, ME 04210 which Mortgage is recorded in the Androscoggin County Registry of Deeds in **Book 6364, Page 156** (herein after referred to as the "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated August 20, 2015 and recorded in **Book 9210, Page 208**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On January 8, 2016, the Defendants, Louise L. Nunn and Timothy A. Nunn, were sent a Notice of Mortgagor's Right to Cure on or about January 8, 2016 (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter with the Certificate of Mailing is attached hereto and incorporated herein).

12. The Demand Letter informed the Defendants of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

13. The Defendants, Louise L. Nunn and Timothy A. Nunn, failed to cure the default prior to the expiration of the Demand Letter.

14. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the present holder of the Loan Repayment and Security Agreement pursuant to possession of the Loan Repayment and Security Agreement in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

15. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the lawful holder and owner of the Loan Repayment and Security Agreement and Mortgage.

16. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of September 16, 2016, if no payments are made, is Two Hundred Six Thousand Five Hundred Fifty Nine Dollars and Eighty Four Cents ($206,559.84), which includes Unpaid Principal Balance in the amount of One Hundred Forty Two Thousand Eight Hundred Sixty Four Dollars and Fifty One Cents ($142,864.51); Accrued Interest in the amount of One Thousand Fix Hundred Eighty Six Dollars and Twenty Seven Cents ($1,686.27); Escrow/Impound Required in the amount of Four Thousand Four Hundred Sixty Dollars and Sixteen Cents ($4,460.16); Deferred amounts in the amount of Fifty Six Thousand Three Hundred Fifty Three Dollars and Ninety Cents ($56,353.90) and Total Advances in

the amount of One Thousand One Hundred Ninety Five Dollars and Zero Cents ($1,195.00); plus interest and costs including attorney's fees and costs.

17. Upon information and belief, the Defendants, Louise L. Nunn and Timothy A. Nunn, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

19. This is an action for foreclosure respecting a real estate related mortgage and title located at 22 Dawes Avenue, County of Androscoggin, and State of Maine. *See* Exhibit A.

20. The Plaintiff is the holder of the Loan Repayment and Security Agreement referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Loan Repayment and Security Agreement in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff has the right to foreclosure upon the subject property.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the current owner and investor of the aforesaid Mortgage and Loan Repayment and Security Agreement.

22. The Defendants Louise L. Nunn and Timothy A. Nunn are presently in default on said Mortgage and Loan Repayment and Security Agreement, having failed to make the monthly payment due November 13, 2015, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Loan Repayment and Security Agreement.

23. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of September 16, 2016, if no payments are made, is Two Hundred Six Thousand Five Hundred Fifty Nine Dollars and Eighty Four Cents ($206,559.84), which includes Unpaid Principal Balance in the amount of One Hundred Forty Two Thousand Eight Hundred Sixty Four Dollars and Fifty One Cents ($142,864.51); Accrued Interest in the amount of One Thousand Fix Hundred Eighty Six Dollars and Twenty Seven Cents ($1,686.27); Escrow/Impound Required in the amount of Four Thousand Four Hundred Sixty Dollars and Sixteen Cents ($4,460.16); Deferred amounts in the amount of Fifty Six Thousand Three Hundred Fifty Three Dollars and Ninety Cents ($56,353.90) and Total Advances in the amount of One Thousand One Hundred Ninety Five Dollars and Zero Cents ($1,195.00); plus interest and costs including attorney's fees and costs.

24. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

25. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

26. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Louise L. Nunn and Timothy A. Nunn, on January 8, 2016.  *See* Exhibit E.

27. The Defendants, Louise L. Nunn and Timothy A. Nunn, are not in the Military.  *See* Exhibit F (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

# COUNT II – BREACH OF LOAN REPAYMENT AND SECURITY AGREEMENT

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. On June 8, 2005, the Defendants, Louise L. Nunn and Timothy A. Nunn, executed and delivered to Beneficial Maine Inc. a certain Loan Repayment and Security Agreement in the amount of $164,209.77. *See* Exhibit B.

30. The Defendants Louise L. Nunn and Timothy A. Nunn are in default for failure to properly tender the November 13, 2015 payment and all subsequent payments. *See* Exhibit E.

31. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the proper holder of the Loan Repayment and Security Agreement and is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement due to its breach by the Defendants, Louise L. Nunn and Timothy A. Nunn.

32. The Defendants, Louise L. Nunn and Timothy A. Nunn, having failed to comply with the terms of the Loan Repayment and Security Agreement and Mortgage, are in breach of both the Loan Repayment and Security Agreement and the Mortgage.

33. The Defendants, Louise L. Nunn and Timothy A. Nunn's, breach is knowing, willful, and continuing.

34. The Defendants, Louise L. Nunn and Timothy A. Nunn's, breach has caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

35. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of September 16, 2016, if no payments are made, is Two Hundred Six Thousand Five Hundred Fifty Nine Dollars and Eighty Four Cents ($206,559.84), which includes Unpaid Principal Balance in the amount of One Hundred Forty Two Thousand Eight Hundred Sixty Four Dollars and Fifty One Cents ($142,864.51); Accrued Interest in the amount of One Thousand Fix Hundred Eighty Six Dollars and Twenty Seven Cents ($1,686.27); Escrow/Impound Required in the amount of Four Thousand Four Hundred Sixty Dollars and Sixteen Cents ($4,460.16); Deferred amounts in the amount of Fifty Six Thousand Three Hundred Fifty Three Dollars and Ninety Cents ($56,353.90) and Total Advances in the amount of One Thousand One Hundred Ninety Five Dollars and Zero Cents ($1,195.00); plus interest and costs including attorney's fees and costs.

36. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment and Security Agreement including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

37. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. By executing, under seal, and delivering the Loan Repayment and Security Agreement, the Defendants, Louise L. Nunn and Timothy A. Nunn, entered into a written contract with Beneficial Maine Inc. who agreed to loan the amount of One Hundred Sixty Four Thousand Two Hundred Nine Dollars and Seventy Seven Cents ($164,209.77) to the Defendants. *See* Exhibit B.

39. As part of this contract and transaction, the Defendants, Louise L. Nunn and Timothy A. Nunn, executed the Mortgage to secure the Loan Repayment and Security Agreement and the subject property. *See* Exhibit C.

40. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the proper holder of the Loan Repayment and Security Agreement and successor-in-interest to Beneficial Maine Inc., and has performed its obligations under the Loan Repayment and Security Agreement and Mortgage.

41. The Defendants, Louise L. Nunn and Timothy A. Nunn, have breached the terms of the Loan Repayment and Security Agreement and Mortgage by failing to properly tender the November 13, 2015, payment and all subsequent payments. *See* Exhibit E.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement, and is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement due to its breach by the Defendants, Louise L. Nunn and Timothy A. Nunn.

43. The Defendants, Louise L. Nunn and Timothy A. Nunn, having failed to comply with the terms of the Loan Repayment and Security Agreement and Mortgage, are in breach of contract.

44. The Defendants, Louise L. Nunn and Timothy A. Nunn, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Sixty Four Thousand Two Hundred Nine Dollars and Seventy Seven Cents ($164,209.77), for money lent by the Plaintiff to the Defendants, Louise L. Nunn and Timothy A. Nunn.

45. The Defendants, Louise L. Nunn and Timothy A. Nunn's, breach is knowing, willful, and continuing.

46. The Defendants, Louise L. Nunn and Timothy A. Nunn's, breach have caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

47. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of September 16, 2016, if no payments are made, is Two Hundred Six Thousand Five Hundred Fifty Nine Dollars and Eighty Four Cents ($206,559.84), which includes Unpaid Principal Balance in the amount of One Hundred Forty Two Thousand Eight Hundred Sixty Four Dollars and Fifty One Cents ($142,864.51); Accrued Interest in the amount of One Thousand Fix Hundred Eighty Six Dollars and Twenty Seven Cents ($1,686.27); Escrow/Impound Required in the amount of Four Thousand Four Hundred Sixty Dollars and Sixteen Cents ($4,460.16); Deferred amounts in the amount of Fifty Six Thousand Three Hundred Fifty Three Dollars and Ninety Cents ($56,353.90) and Total Advances in the amount of One Thousand One Hundred Ninety Five Dollars and Zero Cents ($1,195.00); plus interest and costs including attorney's fees and costs.

48. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment and Security Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

49. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. Beneficial Maine Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants Louise L. Nunn and Timothy A. Nunn $164,209.77. *See* Exhibit B.

51. The Defendants, Louise L. Nunn and Timothy A. Nunn, are in default for failure to properly tender the November 13, 2015 payment and all subsequent payments. *See* Exhibit E.

52. As a result of the Defendants' failure to perform under the terms of the Loan Repayment and Security Agreement and Mortgage, the Defendants have been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

53. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Beneficial Maine Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, Louise L. Nunn and Timothy A. Nunn, One Hundred Sixty Four Thousand Two Hundred Nine Thousand Dollars and Seventy Seven Cents ($164,209.77). *See* Exhibit B.

56. The Defendants, Louise L. Nunn and Timothy A. Nunn, have failed to repay the loan obligation pursuant to the terms of the Loan Repayment and Security Agreement and Mortgage.

57. As a result, the Defendants, Louise L. Nunn and Timothy A. Nunn, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Beneficial Maine Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

58. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendants. Louise L. Nunn and Timothy A. Nunn, are in breach of the Loan Repayment and Security Agreement by failing to make payment due as of November 13, 2015, and all subsequent payments;

d) Find that the Defendants, Louise L. Nunn and Timothy A. Nunn, are in breach of the Mortgage by failing to make payment due as of November 13, 2015, and all subsequent payments;

e) Find that the Defendants, Louise L. Nunn and Timothy A. Nunn, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Louise L. Nunn and Timothy A. Nunn, are in breach of contract by failing to comply with the terms and conditions of the Loan Repayment and Security Agreement and Mortgage by failing to make the payment due November 13, 2015 and all subsequent payments;

g) Find that Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement and Mortgage;

h) Find that by virtue of the Loan Repayment and Security Agreement and Mortgage, the Defendants, Louise L. Nunn and Timothy A. Nunn, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff to restitution;

j) Find that the Defendants, Louise L. Nunn and Timothy A. Nunn, are liable to the Plaintiff for money had and received;

k) Find that the Defendants, Louise L. Nunn and Timothy A. Nunn, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Louise L. Nunn and Timothy A. Nunn, have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants, Louise L. Nunn and Timothy A. Nunn, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff is entitled to restitution for this benefit from the Defendants, Louise L. Nunn and Timothy L. Nunn;

o) Determine the amount due on said Mortgage and Loan Repayment and Security Agreement, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants and in favor of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the amount of Two Hundred Six Thousand Five Hundred Fifty Nine Dollars and Eighty Four Cents ($206,559.84), the total debt owed under the Loan Repayment and Security Agreement plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

    Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: September 23, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670